# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHON DATHEN RUCKER, ) | 1:11-cv-00904 OWW GSA |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATIONS** |
| ) | **TO DISMISS PLAINTIFF'S** |
| v. ) | **COMPLAINT WITHOUT LEAVE TO** |
| ) | **AMEND** |
| HONORABLE GARY PADEN, ARTHUR ) | |
| HAMPAR, NEAL PEDIWITZ, VISALIA ) | (Document 1) |
| POLICE DEPARTMENT, STERLING ) | |
| SECURITY, TULARE PUBLIC ) | |
| DEFENDER'S OFFICE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Shon Dathen Rucker ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed a civil rights complaint on June 6, 2011, against the Honorable Gary Paden, Arthur Hampar, and Neal Pedowitz[1], as well as the Visalia Police Department, Sterling Security and the Tulare Public Defender's Office (collectively "Defendants"). Plaintiff asks this Court to obtain and review evidence related to a state criminal proceeding. (Doc. 1.)

//

---

[1] The correct spelling of Mr. Pedowitz's name was found on the California State Bar's website. *See* http://www.cal.bar.ca.gov.

1

**DISCUSSION**

**A.    *Screening Standard***

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

"grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

### B.     *1983 Actions*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to state a claim under Title 42 of the United States Code section 1983,[2] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### C.     *Plaintiff's Allegations*

Plaintiff claims the judge presiding over his criminal matter pending before the Tulare County Superior Court has violated his constitutional rights by refusing "to allow [a] video" to be viewed in open court.  Plaintiff claims the video would establish he is guilty only of a misdemeanor, rather than the felony with which he has been charged.  He claims the judge is trying to "railroad" him and that he has been denied his constitutional rights to due process and a fair trial.  (Doc. 1 at 2-3.)

---

[2] All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

3

Plaintiff also complains that his defense attorney or public defender is "not helping at all." (Doc. 1 at 2.)

**D.  *Analysis***

For the reasons that follow, this Court will recommend that Plaintiff's complaint be dismissed without leave to amend.

**1.  *Younger* Abstention**

First and foremost, the Court finds that abstention is appropriate and therefore will recommend against exercising jurisdiction over Plaintiff's action.

"*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669, n.13 (9th Cir. 2004) (citations omitted); *see also Younger v. Harris*, 401 U.S. 37, 49-53 (1971). *Younger* abstention is required if (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). "When all three conditions are present, a district court must dismiss the federal action." *Id.*  To determine whether there is a pending state judicial proceeding within the meaning of *Younger*, the critical question is "whether the state proceedings were underway before the initiation of the federal proceedings." *Id.*

Here, it is clear from Plaintiff's complaint that there are ongoing state court proceedings in the Tulare County Superior Court, and that those proceedings were "underway before the initiation" of the instant proceeding. Additionally, those proceedings clearly implicate important state interests where the proceedings allege a crime was committed. Clearly, the state has an interest in prosecuting persons alleged to have committed a criminal violation. Finally, the state proceedings provide an adequate opportunity for Plaintiff to raise his federal constitutional questions. Thus, it will be recommended that this Court refrain from interfering with the now-pending Tulare County Superior Court criminal proceedings.

4

### 2. *Rooker-Feldman* Doctrine

Plaintiff's complaint vaguely references that he may have been declared incompetent in the state proceedings below. To the degree Plaintiff's complaint can be interpreted as a request that the Court review the state court's determination, Plaintiff is advised that this Court lacks jurisdiction to do so.

Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on section 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing§ 1738).

"Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n.16). This rule applies to "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 & n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). Thus, "a losing party in state court is barred from seeking what in substance would be appellate review of the state

5

judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

To the degree Plaintiff asks this Court to review or modify a state court order or judgment, the *Rooker-Feldman* doctrine precludes such review.

### 3. Eleventh Amendment

Plaintiff is further advised the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Brooks*, 951 F.2d at 1053.

### 4. Municipalities

Plaintiff named the Visalia Police Department and the Tulare County Public Defender's Office as Defendants. (Doc. 1 at 3.)

Plaintiff is advised that section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658; *Rizzo v. Goode*, 423 U.S. 362. The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d at 743.

  To the extent Plaintiff seeks to pursue a section 1983 claim, the complaint fails to allege a *Monell* claim against either the Visalia Police Department or the Tulare County Public Defender's Office. A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), *cert. denied*, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

  A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decisionmaker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." *Thompson*, 885 F.2d at 1443 (internal quotation marks omitted). "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson*, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks omitted); *see Rizzo*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).

  Here, Plaintiff's complaint lacks any allegation of a policy or custom and resulting constitutional violation to set forth a *Monell* claim. Simply alleging a wrong has been committed

7

and demanding relief is not enough. *See Conley v. Gibson*, 355 U.S. at 47-48. Moreover, because this Court will recommend abstention, leave to amend is not appropriate.

### a. Public Defender

Defendant Pedowitz is an attorney with the Tulare County Public Defender's Office. Whether Defendant Hampar was similarly employed during the proceedings of which Plaintiff complains is not clear. Even though a Tulare County public defender is an attorney appointed by the state court and paid by government funds, a public defender is not acting under color of state law at the time of his or her legal representation. It is well established that court appointed attorneys are not state actors. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark County of Nevada*, 319 F. 3d 465, 468 (9th Cir. 2003) (upholding dismissal of a complaint on the basis that public defender was not acting on behalf of the county for purposes of § 1983 when defendant's function in his role as plaintiff's attorney was to represent plaintiff's interests, not the interests of the state). As such, a public defender or defenders appointed to represent Plaintiff in the criminal proceedings in Tulare County are not acting under color of state law, and thus, Plaintiff's complaint fails state a claim under section 1983.

### 5. Judicial Officers & Prosecutors

Next, Plaintiff's complaint names the Honorable Gary Paden, Tulare County Superior Court Judge, as a Defendant. Plaintiff claims Judge Paden is "railroading" him by pressuring him to plead guilty to a felony charge, and because the judge apparently declared Plaintiff incompetent.

Plaintiff is advised that state court judges and prosecutors are immune from liability under section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and

prosecutors are immune from liability for damages under section 1983). Thus, Judge Paden is entitled to immunity in any section 1983 action.

Finally, even if Defendant Hampar was employed with the Tulare County District Attorney's Office, rather than as a public defender, he is immune from liability in this action. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d at 922; *Ashelman v. Pope*, 793 F.2d at 1075.

### 6. Due Process

Plaintiff ambiguously claims his "due process rights" were violated as well because Judge Paden will not permit his attorney to obtain a copy of a videotape. (Doc. 1 at 2.)

#### a. Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

#### b. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations & brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

//
//

### 7. Sterling Security

Plaintiff also names Sterling Security as a Defendant in this action. However, he fails to explain how Sterling Security is involved. Assuming for the sake of discussion that Sterling Security is the entity in possession of the videotape Plaintiff seeks, Plaintiff's section 1983 claim against this Defendant fails as a matter of law.

Sterling Security was not acting under color of state law at the time of its actions, assuming it has withheld a videotape in its possession. Sterling Security is a private entity or company. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotations & citations omitted).

Because Sterling Security did not act under color of state law, Plaintiff's claim against this private company fails as a matter of law.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety because Plaintiff's complaint fails to state a cognizable claim.

These findings and recommendations are submitted to the assigned district judge, pursuant to section 636(b)(1)(B) and Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

| | | |
|---|---|---|
| Dated: | June 13, 2011 | /s/ Gary S. Austin |
| | | UNITED STATES MAGISTRATE JUDGE |